READ, Collector, v. CERTAIN MERCHANDISE IMPORTED BY O. G. HEMPSTEAD & SON.

(Circuit Court of Appeals, Third Circuit. June 28, 1900.)

No. 17.

CUSTOMS DUTIES—SCIENTIFIC BOOK—FREE LIST—UNBOUND SHEETS—IMPORTATION—STATUTE—CONSTRUCTION.

Act Cong. Aug. 27, 1894 (28 Stat. 509, 538, par. 410), exempts from import duties books devoted to original scientific research. Paragraph 311 makes dutiable all printed matter not specially provided for. *Held*, that printed sheets of a literary work of original scientific research constituted a "book," within paragraph 410, and so were not dutiable under paragraph 311, though imported without being bound or stitched together.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

F. F. Kane, for appellant.
Thomas S. Gates, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. The only question pressed on this appeal is whether printed sheets of a scientific work devoted to orig-

inal scientific research, known as Politzer on the Ear, not bound nor stitched together, is a "book" within the meaning of paragraph 410 of the tariff act of August 27, 1894 (28 Stat. 509, 538), and as such not dutiable.    That section is as follows:

"410. Books, engravings, photographs, bound, or unbound, etchings, music, maps and charts, which shall have been printed more than twenty years at the date of importation, and all hydrographic charts, and scientific books and periodicals devoted to original scientific research, and publications issued for their subscribers by scientific and literary associations or academies, or publications of individuals for gratuitous private circulation and public documents issued by foreign Governments."

It is claimed by the appellant that the sheets were dutiable at the rate of twenty-five per cent. ad valorem, by virtue of paragraph 311 of the above act, which reads as follows:

"311. Blank books of all kinds, twenty per centum ad valorem; books, including pamphlets and engravings, bound or unbound, photographs, etchings, maps, music, charts, and all printed matter not specially provided for in this Act, twenty-five per centum ad valorem."

The learned judge below held that the printed sheets were included in the free list, saying:

"As to the third question, that because the book was imported in unbound sheets it was not a book and, therefore, not entitled to free entry, it is not necessary to say more than that no such narrow definition of the word 'book' can be accepted by the Court. The statute itself does not undertake to make any such distinction. The collected sheets containing in orderly and connected fashion the record of the intellectual and literary work of the author is a book unless for some particular and special purpose a narrower definition is prescribed by law. The object of the statute was evidently to remove as far as possible obstructions to the freest possible circulation of the results of original scientific inquiry tending to the advancement of learning and the benefit of humanity."    95 Fed. 967.

We are in entire accord with the views thus expressed.    The suggestion of a practical difficulty confronting a United States appraiser in ascertaining from the unbound sheets the character of the work with a view to its classification under the tariff act we regard as devoid of force.

The decree of the circuit court is affirmed.