## DOWNING v. UNITED STATES.

(Circuit Court, S. D. New York. December 16, 1903.)

### No. 3,363.

**1. CUSTOMS DUTIES—CLASSIFICATION—BOOKS IN FOREIGN LANGUAGES—UNBOUND PORTFOLIOS.**

*Held,* that the provision in paragraph 502, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1681], for "books and pamphlets printed exclusively in languages other than English," includes certain portfolios of two kinds, made up of loose sheets not intended to be bound together in book form, and containing, respectively, 19 and 24 sheets of pictures and prints, and accompanied, respectively, with 4 and 12 loose pages printed in foreign languages; each portfolio having a loose outside covering, bearing the title of the work.

Application to Review a Decision of the Board of General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by R. F. Downing & Co. The nature of the questions at issue appears from the opinion of the board, which reads as follows:

FISCHER, General Appraiser. The merchandise in question consists of portfolios made up of loose sheets of printed matter, photogravures, and lithographic prints. In the portfolio entitled "Palast-Architektur von Ober-Italien und Toscana," there are four loose pages of print in foreign languages, twelve loose sheets of photogravure pictures of Italian palaces, and seven loose sheets of lithographic prints representing the architectural detail thereof. In the portfolios entitled "Die Mustergiltigen Kirchenbauten des Mittelalters in Deutschland," there are twelve loose pages of print in the German language, eight loose sheets of photogravure pictures of church edifices, and sixteen loose sheets of lithographic prints representing the architectural detail of the same. Both portfolios are covered by a loose outside covering of paper, bearing the titles above mentioned.

The importers claim that the assessment of duty on the articles under paragraph 403 of the act of July 24, 1897, § 1, Schedule M, 30 Stat. 189, c. 11 [U. S. Comp. St. 1901, p. 1673], at the rate of 25 per cent. ad valorem, as printed matter, or under paragraph 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672],

as lithographic prints, was erroneous, and that the merchandise is entitled to free entry under paragraph 502, § 2, Free List, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1681], as books printed exclusively in a foreign language. The portion of paragraph 502 upon which the importers rely provides as follows: Books and pamphlets printed exclusively in languages other than English." It is unnecessary to discuss the question whether these articles are publications printed exclusively in a language other than English, for, even if they be such, they are clearly not books. They are loose sheets, apparently not intended to be bound or fastened together in book form. They are portfolios or collections of pictures, and do not fall within the provisions of paragraph 502 at all. The protests are accordingly overruled, and the decisions of the collector affirmed. Note G. A. 4,970 (T. D. 23,194).

W. Wickham Smith, for importers.

Henry C. Platt, Asst. U. S. Atty.

Before PLATT, District Judge.

At the close of the argument the decision of the Board of General Appraisers was reversed, without opinion, on the authority of Macmillan Company v. United States (C. C.) 116 Fed. 1018, and Read v. Certain Merchandise, 103 Fed. 197, 43 C. C. A. 178.